No. 591

STATE v. UNION TRUST CO., Exr.

Ohio Appeals. 8th Dist., Cuyahoga Co.

No. 7560. Decided June 20, 1927.

635. INHERITANCE TAX.—Value, for inheritance tax purposes, of undivided one-half interest in fee encumbered by leases for a total of 80 years, without provision for renewal, should be determined by 5341 GC. and not by 5342 GC.

Inheritance Tax—Probate Court applies 5342 GC. Common Pleas applies 5341 GC. Error. Common Pleas affirmed.

First Publication of this Opinion

VICKERY, J.

Levi D. Johnson died testate, leaving an undivided one-half interest in a parcel of real estate. The Union Trust Co. was executor of his estate.

From the agreed statement of facts we learn that the Probate Court in making the assessment for inheritance tax, adopted the rule laid down in Sec. 5342, which refers to incorporeal property such as income, interest or annuity, and capitalized the income from said estate on a 5% basis. The Union Trust Co. as executor, took an appeal to the Common Pleas which arrived at a different conclusion. The State Taxing Board filed a petition in error in this court.

The two statutes to which we must address ourselves are sections 5341 and 5342.

The real estate is subject to a lease which, about eight days before the death of Johnson, had been extended. The original lease, had five years to run and was renewed or extended to a further period of 75 years. The whole lease had 80 years to run.

Section 5341 provides that the County Auditor shall be the inheritance tax appraiser for his county. The Probate Court, may, upon its own motion, or upon the application of any interested person, including the tax commission of Ohio, direct the county auditor to fix the actual market value of any property the succession to which is subject to the tax levied by this subdivision of this chapter.

We think that Sec. 5341 gives a plain, decisive method for arriving at the value of the estate left by the decedent, subject to inheritance taxes.

The State Tax Commission urges that this property be assessed not as real property, but as an annuity, not as corporeal property, but as incorporeal property, and we do not think that that method is right. The cases of Stephenson v. Haines, 16 OS. 478; Worthington v. Howes and McCann, 19 OS. 66, (which refers to a fee encumbered by a 99 year lease renewable forever), and Ralston Steel Car Co. v. Ralston, 112 OS. 306, do not apply to the instant case because in this case the fee remained in Johnson and the reversion belonged to Johnson, and it was simply encumbered by a lease first for five years and second for 75 years. There is nothing in this lease which provides for its renewal. This makes it entirely unlike the cases cited. We therefore come to the conclusion that the decision of the Common Pleas Court is right and that the appraisement by the County Auditor and not the method of appraisement of the Probate Court must be adopted.

Judgment affirmed.

(Sullivan, PJ., and Levine, J., concur).

Attorneys—Griswold, Green, Palmer & Hadden, Edward C. Turner, Atty. Gen., John A. Elden, for State; T. G. Thompson, Esq., for Trust Company; all of Cleveland.